UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HEMBREE CONSULTING SERVICES, INC., LARRY HEMBREE, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:15-cv-00686-RLY-MJD |
| vs. | ) ) | |
| MESA UNDERWRITERS SPECIALITY INSURANCE COMPANY, COLONY INSURANCE COMPANY, XTEC, INCORPORATED, | ) ) ) ) ) | |
| Defendants. | | |

**AMENDED REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTIONS TO DISMISS**

On October 1, 2015, the undersigned issued a Report and Recommendation denying Defendant Mesa Underwriters Specialty Insurance Company's ("MUSIC") Motion to Dismiss. [Dkt. 36.] However, the Court's holding was without prejudice, and provided MUSIC the opportunity to "refile this motion **as a Motion to Transfer Venue** if circumstances change so as to materially alter the bases upon which this motion presently stands." [Dkt. 36 at 8 (emphasis added).] On October 6, 2015, MUSIC filed a motion informing the Court of a "material change" in circumstances and renewing its Motion to Dismiss. [Dkt. 37.] The Court hereby **VACATES** its first Report and Recommendation on MUSIC's Motion, and issues this Amended Report and Recommendation on both motions. For the reasons that follow, the Magistrate Judge recommends that the Court **DENY** MUSIC's Motions**.**

# I.    Background[1]

On December 12th, 2013, XTec Incorporated (XTec) filed a lawsuit in Florida state court against Larry Hembree and Hembree Consulting Services Inc. (collectively referred to as "Hembree" or "Plaintiff") for, among other allegations, defamation, misuse of intellectual property, and common law trade disparagement. [Dkt.1 ¶ 9-12.]  On March 20, 2014, Hembree removed the case to the District Court for the Southern District of Florida. Case No. 1:14-cv-21029-CMA. Hembree requested that MUSIC and Colony Insurance Company ("Colony") provide a defense and indemnity for the suit. [Dkt.1 ¶ 9-12.]  Hembree claimed that Colony and MUSIC must defend and indemnify him based upon his October 1, 2009 to October 1, 2010 policy with Colony, and his January 17, 2014 to January 17, 2015 policy with MUSIC. [Dkt. 1 ¶ 8-9; Dkt. 1-2, at 2.]

On March 7, 2014, MUSIC sent a letter agreeing to defend Hembree, but "reserving its rights." [Dkt. 1 ¶ 15.] MUSIC conditioned its offer to provide a defense on the right to seek reimbursements of all costs and expenses from Hembree. [Dkt. 1 ¶ 16.] Hembree, through counsel, advised MUSIC that their offer was against Indiana law, and, therefore, he retained counsel at his own expense. [Dkt. 1 ¶ 17.] In June of 2014, MUSIC agreed to reimburse Hembree for one-half of the attorney's fees he had already paid, and one half of all future attorney's fees and expenses. [Dkt. 1 ¶ 21.] MUSIC, in accordance with that agreement, paid Hembree $25,000 as partial reimbursement for Hembree's already paid fees and expenses. [Dkt. 1 ¶ 22.]  MUSIC made no other payments to Hembree reimbursing him for his legal expenses.

---

[1] The background as set forth below is drawn from the allegations in Plaintiff's complaint, which the Court accepts as true for the purposes of ruling on Defendants' motion to dismiss. *See, e.g., CEnergy-Glenmore Wind Farm No. 1, LLC v. Town of Glenmore*, 769 F.3d 485, 487 (7th Cir. 2014).

[Dkt. 1 ¶ 23.] On December 1, 2014, MUSIC notified Hembree that it would no longer reimburse him for his legal expenses. [Dkt. 1 ¶ 25.]

On February 13, 2015, MUSIC filed a declaratory action against Hembree in the District Court for the Southern District of Florida, seeking a declaration that it has no defense or indemnity obligation to Hembree. [Dkt. 1-2 ¶ 22.] On April 4, 2015, Hembree filed the suit at issue in this case against MUSIC, XTec, and Colony, seeking a declaratory judgment that Colony and MUSIC are obligated to defend and indemnify him in his lawsuit with XTec. [Dkt. 1.] On June 22, 2015, MUSIC filed its Motion to Dismiss; the Court issued a Report and Recommendation denying the motion without prejudice on October 1, 2015. [Dkts. 13, 36.] On October 2, 2015, the District Court for the Southern District of Florida denied Hembree's motion to dismiss MUSIC's motion to dismiss for improper venue under Rule 12(b)(3). A few days later, MUSIC filed a motion informing the Court of the ruling of the District Court for the Southern District of Florida and renewing its motion to dismiss. [Dkt. 37.]

## II.    Discussion

MUSIC makes three arguments in support of its motions to dismiss. First, MUSIC argues that the "first-filed rule" dictates that MUSIC's forum choice is favored over Hembree's choice, and there are no "exceptional circumstances" that justify a departure from that rule in this case. [Dkt. 14 at 2-4.] Second, MUSIC argues that the Southern District of Florida is the proper venue for this suit because this Court may not have jurisdiction over XTec. [Dkt. 14 at 4-5.] Finally, MUSIC argues that it would be wasteful to permit two identical suits to proceed in two different federal courts. [Dkt. 14 at 3-4.]

## A. The First-Filed Rule

Some Federal circuits apply the "first-filed rule" when determining the proper forum for a suit. The "first-filed rule" governs when "two actions involving overlapping issues and parties are pending in federal court." *Manuel v. Convergys Corp.* 430 F.2d 1132, 1135 (11th Cir. 2005). In such a situation, the court favors the forum of the first-filed suit unless the party filing the subsequent lawsuit can show "compelling circumstances" that justify deviating from that general rule. *Id.* MUSIC argues that Hembree has not shown compelling circumstances to justify his forum choice, and, therefore, the suit should proceed in the Southern District of Florida. [Dkt. 14 at 2-4.] Hembree responds that the "first-filed" rule is not followed in the Seventh Circuit, so there is no presumption that favors the "first-filed" forum. [Dkt. 17 at 2-4.] The Court agrees with Hembree.

The Seventh Circuit "has never adhered to a rigid 'first to file' rule." *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987). Such a rule, the Court has explained, would "encourage an unseemly race to the courthouse and, quite likely, numerous unnecessary suits." *Id.* Instead, the Court has rejected the suggestion that the first-filed case should get any special "preference" over the second-filed case. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 982 (7th Cir. 2010). Rather, the Court has concluded that "[w]here a case is filed first should weigh no more heavily in the district court's analysis than the plaintiff's choice of forum in a 1404(a) [change of venue] calculation." *Id.* Thus, the "first-filed rule" does not apply in this Circuit, and 28 U.S.C. § 1404(a) provides the proper framework of analysis for this motion.[2]

---

[2] The Court notes that MUSIC purported to file its Motion to Dismiss pursuant to 12(b)(6) and not a motion to dismiss for improper venue pursuant to Rule 12(b)(3) or a motion to transfer pursuant to 28 U.S.C. § 1404(a) [Dkt. 13.] However, MUSIC makes no argument that Hembree fails to state a claim upon which relief can be granted. Rather, MUSIC's argument is that the Court should dismiss the case because the Southern District of Florida is the

### B.  Preferred Venue

A district court may transfer a civil action to any other judicial district in which the action could have been brought, provided that such transfer is "in the interest of justice" or will promote "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). This determination requires a "flexible and individualized analysis" that accounts for "all factors relevant to convenience and/or the interests of justice." *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.,* 626 F.3d 973, 978 (7th Cir.2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L.Ed.2d 22 (1988)). Specific factors to consider in the "convenience" analysis include "the availability of and access to witnesses;" "each party's access to and distance from resources in each forum;" and "the location of material events and the relative ease of access to sources of proof." *Id.* Specific factors to consider in the "interest of justice" analysis include "docket congestion and likely speed to trial;" "each court's relative familiarity with the relevant law;" the "desirability of resolving controversies in each locale;" and the "relationship of each community to the controversy." *Id.* The party moving for a transfer bears the burden of showing that the Court should transfer a case to a different forum. *State Farm Mut. Auto. Ins. Co. v. Estate of Bussell,* 939 F. Supp. 646, 651 (S.D. Ind. 1996) (citing *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986)).

Considering all of the relevant factors, the Court concludes that the preferred forum for this suit, as it presently stands, is the Southern District of Indiana. The suit involves an insurance

---

proper venue. This is the functional equivalent of a Motion to Transfer Venue. Furthermore, under 28 U.S.C. § 1404(a), the Court may *sua sponte* consider whether transfer of a case is appropriate. Thus, the Court concludes that MUSIC's Rule 12(b)(6) motion must be denied, as no showing has been made to demonstrate that Plaintiff's complaint fails to state a claim upon which relief can be granted, and that 28 U.S.C. § 1404(a) provides the proper analytical framework to decide the actual substance of MUSIC's motion.

policy that was issued in Indiana and is governed by Indiana law. [Dkt. 17 at 3-4.][3] Accordingly, this Court is well familiar with the law at issue in the case. Furthermore, Larry Hembree is a citizen of Indiana, and Hembree Consulting Services, Inc. is an Indiana business with its principal place of business in Indiana. [Dkt. 1 ¶ 5, 6.] Accordingly, Indiana has a strong relationship to the controversy. On the other hand, the only party to this case from Florida is XTec and, as noted, it has yet to even appear.

Additionally, Indiana is the most convenient forum for the parties to litigate the dispute. The Indiana forum saves Hembree from having to travel to Florida to litigate this case. Furthermore, MUSIC is a New Jersey corporation with its principal place of business in New Jersey. [Dkt. 1 ¶ 4.] New Jersey is considerably closer to the Southern District of Indiana courthouse in Indianapolis than it is to the Southern District of Florida courthouse in Miami.[4] Thus, the Court is very familiar with the relevant law in the case, Indiana has a stronger interest than Florida in the outcome of the case, and Indiana is the more convenient forum for the parties who have appeared.

Furthermore, the suit in the Southern District of Indiana includes Colony as a defendant, while the suit in the Southern District of Florida does not. [Dkt. 1-2; Dkt. 14.1.] Colony has answered Hembree's complaint and filed a counterclaim. [Dkt. 22.] Hembree's indemnification action against Colony arises from the same underlying issues as Hembree's action against MUSIC. *See* [Dkt. 1.] Should the Court grant MUSIC's motion, in order to obtain full relief, Hembree would either have to prosecute the suit in two different federal courts or add Colony to

---

[3] In its reply, MUSIC does not contest Hembree's assertion that Indiana law applies to the dispute. [Dkt. 19 at 3 ("Hembree's concerns that a Florida district court would be unable to properly apply Indiana law is certainly not grounds for abrogating the first-filed rule.").]

[4] *Compare* Driving Directions from N.J. to Indianapolis, Ind. GOOGLE MAPS, google.com (694 miles), *with* Driving Directions from N.J. to Miama, Fla, GOOGLE MAPS, google.com (1,250 miles).

Hembree's suit in the Southern District of Florida. The former would make the suit more costly and inconvenient for Hembree to try, while also wasting judicial resources. The latter would force Hembree to drag Colony, a Virginia corporation with its principal place of business in Richmond, Virginia, to the Southern District of Florida to defend the suit. [Dkt 1 at 1.] Richmond, Virginia is closer to Indianapolis, Indiana than to Miami, Florida.[5] Thus, Indiana is the most convenient and economically efficient forum to resolve all of Hembree's claims that are subject to this action.

MUSIC argues that the Southern District of Florida is the preferred forum because it is where the lawsuit that Hembree is seeking indemnification for is pending. [Dkt. 19 at 3.] However, MUSIC does not cite to any authority that indicates that the location of the underlying lawsuit is the favored forum to resolve an indemnity action. [Dkt. 19 at 3.] Furthermore, the Court is aware of no case law to support MUSIC's suggestion that the forum of the underlying lawsuit should be the favored forum to resolve an indemnity action. MUSIC is not a party to the XTec lawsuit. Additionally, while both the XTec and MUSIC cases are pending in the Southern District of Florida, the cases are pending before different judges. MUSIC, the proponent of this motion, has presented no evidence to suggest that the preponderance of witnesses or other evidence relevant to this case are located in Florida, as opposed to Indiana or New Jersey, the locations of the parties to the MUSIC contract that is at issue in this case. [Dkt. 19 at 3.]

Additionally, MUSIC argues that the Southern District of Florida is the preferred forum because this Court might not have jurisdiction over XTec, a Florida corporation with its principal place of business in Florida. [Dkt. 14 at 4-5; Dkt 17 at 3.] The Court agrees with MUSIC that whether the Court can obtain personal jurisdiction over XTec may be relevant to an analysis of

---

[5] *Compare* Driving Directions from Richmond, Va. to Indianapolis, Ind. GOOGLE MAPS, google.com (628 miles), *with* Driving Directions from Richmond, Va. to Miami, Fla, GOOGLE MAPS, google.com (945 miles).

the preferred forum.  However, MUSIC has not met its burden to show that the Court would not have personal jurisdiction over XTec, or that not having XTec in this suit would be prejudicial to MUSIC. *State Farm Mut.*, 939 F. Supp. at 651 (quoting *Coffey*, 796 F.2d at 219-20) ("The party moving for transfer has the 'burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient.'") As of the issuance of this Report and Recommendation, XTec has not filed a Motion to Dismiss for Lack of Personal Jurisdiction, nor has MUSIC filed a counterclaim against XTec. Thus, there is no information before the Court upon which it could base an analysis with regard to personal jurisdiction as to XTec in Indiana.

In sum, as the case presently stands, the Southern District of Indiana is the preferred forum for this dispute. This is because Indiana is more familiar with the relevant law, is the more convenient forum for the parties to try the suit, and is better able to provide complete relief to all the parties in the most efficient manner.

## C. Duplicative Litigation

Finally, MUSIC argues that the Court should dismiss Hembree's suit because it would be wasteful to litigate the same suit in two different federal courts at the same time. [Dkt. 14, at 3-4.] The Court agrees that it is not "in the interest of justice" for two identical suits to pend in two different federal courts. 28 U.S.C. § 1404(a). However, neither party has filed a proper motion to transfer the case. Hembree filed a motion to dismiss for improper venue pursuant to 12(b)(3) in the District Court for the Southern District of Florida, and MUSIC filed this Motion to Dismiss for failure to state claim pursuant to Rule 12(b)(6). As the District Court for the Southern District of Florida noted, the Southern District of Indiana **and** the Southern District of Florida are **both proper venues** for this lawsuit. [Dkt 37-1, at 3-4 (cause number 15-20605-CIV-KING).] Thus, the salient issue here is which venue is the **preferred** venue for the suit, which requires a motion

to transfer analysis pursuant to 28 U.S.C. § 1404(a), **not** a motion to dismiss. Since neither party has filed such a motion, this Court has insufficient information to make a definitive ruling on the preferred forum for this suit.

Thus, this order is without prejudice to MUSIC's right to file a **Motion to Transfer Venue** if the circumstances change so as to materially alter the bases upon which this motion presently stands.

### III.    Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the Court **DENY** Defendant's Motions to Dismiss.

Date:  14 OCT 2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Dennis F. Cantrell
CANTRELL, STRENSKI & MEHRINGER, LLP
dcantrell@csmlawfirm.com

Abigail T. Rom
FROST BROWN TODD LLC
arom@fbtlaw.com

Darren Andrew Craig
FROST BROWN TODD LLC
dcraig@fbtlaw.com

Larry I. Gramovot
GRAMOVOT & TAKACS, P.L.
larry@lig-law.com

Scott B. Cockrum
HINSHAW & CULBERTSON
scockrum@hinshawlaw.com

Joseph Damien Ackerman
HINSHAW & CULBERTSON LLP - Schererville
jackerman@hinshawlaw.com