UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HEMBREE CONSULTING SERVICES, INC. and LARRY HEMBREE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) 1:15-cv-00686-RLY-MJD ) ) |
| MESA UNDERWRITERS SPECIALITY INSURANCE COMPANY, COLONY INSURANCE COMPANY and XTEC, INCORPORATED, | ) ) ) ) ) |
| Defendants. | ) |

**ENTRY ON DEFENDANT'S RULE 72(b) OBJECTION TO AMENDED REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

On October 1, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") on Defendant Mesa Underwriters Specialty Insurance Company's ("MUSIC") Motion to Dismiss, which was later amended in light of new circumstances. (*See* Filing Nos. 36, 40). In both R&Rs, the Magistrate Judge recommended that MUSIC's motion be denied. MUSIC promptly filed the present Objection to the Amended R&R. For the reasons set forth below, the court **OVERRULES** MUSIC's Objection.

**I.    Background**

On December 12, 2013, XTec, Incorporated filed a lawsuit in Florida state court against Larry Hembree and Hembree Consulting Services, Inc. ("HCS") (collectively "Hembree") for, among other allegations, defamation, misuse of intellectual property, and common law trade disparagement. (Filing No. 1, Compl. ¶¶ 9-12). On March 20,

1

2014, Hembree removed that case to the United States District Court for the Southern District of Florida. Case No. 1:14-cv-21029-CMA (the "Underlying Action"). Hembree claimed that Colony Insurance Company and MUSIC must defend and indemnify him in the Underlying Action based upon his October 1, 2009 to October 1, 2010 policy with Colony, and his January 17, 2014 to January 17, 2015 policy with MUSIC. (*Id*. ¶¶ 14, 18; Filing No. 1-2, MUSIC Policy at 2).

On March 7, 2014, MUSIC sent a letter agreeing to defend Hembree in the Underlying Action under a reservation of rights. (Compl. ¶ 15). MUSIC eventually paid Hembree $25,000 as partial reimbursement for Hembree's already paid attorney fees and expenses. (*Id*. ¶ 22). On December 1, 2014, however, MUSIC notified Hembree that it would no longer reimburse him for his legal expenses. (*Id*. ¶ 25).

On February 13, 2014, MUSIC filed a declaratory judgment action against Hembree in the Southern District of Florida ("the Florida Action"), seeking a declaration that it has no obligation to defend or indemnify Hembree in the Underlying Action. (Filing No. 1-2, MUSIC's Compl.). On April 4, 2014, Hembree filed the present declaratory judgment action against MUSIC, XTec, and Colony, seeking a declaratory judgment that Colony and MUSIC are obligated to defend and indemnify him in his lawsuit with XTex. (*See* Compl.).

On June 22, 2015, MUSIC filed a motion to dismiss the present action because it is duplicative of the action first filed by MUSIC in the Southern District of Florida. The court referred the motion to the Magistrate Judge, and, on October 1, 2015, he recommended that the court deny the motion. Relying on *Research Automation, Inc. v.*

2

*Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973 (7th Cir. 2010), the Magistrate Judge found that the "first-filed" rule does not apply in the Seventh Circuit. In addition, he found the motion should have been brought as a motion to transfer venue under 28 U.S.C. § 1404(a), and analyzed the motion under that framework. (*See* Filing No. 36, Report and Recommendation at 4, n. 2). Pursuant to that analysis, the Magistrate Judge concluded that the Southern District of Indiana was the more appropriate forum to resolve the parties' dispute. Notably, he found that MUSIC, a New Jersey corporation, issued its policy in Indiana and that policy is governed by Indiana law; Hembree is an Indiana resident; HCS is an Indiana corporation with its principal place of business in Indianapolis, Indiana; XTec,[1] the only party from Florida, has not appeared in this case; and Colony, a Virginia corporation, is not a party to the action filed by MUSIC in the Southern District of Florida. (*Id*. at 5-6). He therefore denied the motion without prejudice to MUSIC's right to refile its motion as a motion to transfer venue "if circumstances change so as to materially alter the bases upon which this motion presently stands." (*Id*. at 8).

On October 2, 2015, Senior Judge James King from the Southern District of Florida issued an Order denying Hembree's Motion to Dismiss for Improper Venue brought under Rule 12(b)(3) of the Federal Rules of Civil Procedure. (Filing No. 37-1, Order Denying Defendants' Motion to Dismiss in Case No. 15-20605-CIV-KING). The court concluded that venue was proper in the Southern District of Indiana because that is

---

[1] The Complaint alleges that "XTec has been joined in this Lawsuit to permit it to assert any rights it claims to the MUSIC Policy or the Colony Policy." (Compl. ¶ 14).

the situs where Hembree demanded, and MUSIC denied, coverage for the Underlying Action. He also concluded that venue was proper in the Southern District of Florida because the events giving rise to the Underlying Action occurred in the Southern District of Florida. (*Id*. at 3). Accordingly, Judge King denied the motion.

On October 6, 2015, MUSIC filed a Notice of Material Change in Circumstances, Renewed Motion to Dismiss, and Request for Expedited Ruling. (Filing No. 37). That motion was referred to the Magistrate Judge, who issued an Amended Report and Recommendation. (Filing No. 40). The Magistrate Judge once again found that the Southern District of Indiana is the preferred forum for this dispute. He noted that the Southern District of Indiana and the Southern District of Florida are both proper venues for this action, but that "the salient issue here is which venue is the **preferred** venue for the suit, which requires a motion to transfer analysis pursuant to 28 U.S.C. § 1404(a), **not** a motion to dismiss." (*Id.* at 8-9) (emphasis in original). Because the court "has insufficient information to make a definitive ruling on the preferred forum for his suit," he denied the motion to dismiss. (*Id*. at 9).

On October 14, 2015, Hembree filed a Motion to Reconsider Judge King's Order because he failed to address Hembree's alternative Motion to Transfer to the Southern District of Indiana. (Case No. 1:15-cv-20605-JEM, Filing No. 27). That motion is fully briefed, and is currently before Judge Jose E. Martinez. (*Id*., Filing No. 26).

On October 14, 2015 – the same day Hembree filed its Motion to Reconsider – MUSIC filed this Objection.

## II. Discussion

Generally, if two actions are pending in two different courts that concern the same general claims, the first-filed case takes priority. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993); *Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, *3 (N.D. Ill. Feb. 15, 2012); *Pfizer, Inc. v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009); *Essex Group, Inc. v. Cobra Wire & Cable, Inc.*, 100 F. Supp. 2d 912, 914 (N.D. Ind. 2000). The Seventh Circuit, however, "has never adhered to a rigid 'first to file' rule." *Trippe Mfg. Co. v. Am. Pwr. Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). Seventh Circuit case law reflects three exceptions to this general rule. First, courts generally "give priority to the coercive action [over the declaratory judgment action], regardless of which case was filed first." *Research Automation*, 626 F.3d at 980. Second, courts depart from the first-to-file rule if the declaratory judgment action is filed in anticipation of litigation by the other party. *Id.* Finally, courts depart from the first-to-file rule when a party moves to transfer venue under 28 U.S.C. § 1404(a). *Id.* at 982 ("[W]here a district court faces one of two identical lawsuits and one party moves to transfer to the other forum, the court should do no more than consider the order in which the suits were filed among the factors it evaluates under 28 U.S.C. § 1404(a)."). The court therefore finds that the Magistrate Judge's reliance on *Research Automation* for his conclusion that the doctrine no longer applies in this circuit is in error. As noted above, the holding in that case is limited to motions to transfer venue under § 1404(a). Moreover, *Research Automation* specifically states that when mirror-image lawsuits are

pending in two different forums, a party may move to dismiss, transfer, or enjoin one of the lawsuits. *Id.* at 975.  Therefore, MUSIC's motion to dismiss is procedurally correct. Although it could have filed a motion to transfer venue under 28 U.S.C. § 1404(a), it was not *required* to.

In *McReynolds v. Merrill Lynch & Co., Inc.*, issued two years after *Research Automation*, the Seventh Circuit affirmed the district court's dismissal of plaintiffs' lawsuit as duplicative of prior ongoing litigation of which they were a part.  694 F.3d 873, 888-89 (7th Cir. 2012).  In reaching its decision, the court noted that a district court has "significant latitude" when deciding whether to dismiss a complaint as "'duplicative of a parallel action already pending in another federal court.'" *Id.* at 888 (quoting *Serlin*, 3 F.3d at 223).

The claims asserted in this lawsuit are the mirror-image of the claims asserted in MUSIC's Florida Action.  Both seek a declaratory judgment on the issue of coverage for the Underlying Action.  The issue to be resolved is the appropriate remedy.  "When comity among tribunals justifies giving priority to a particular suit, the other action (or actions) should be stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests." *Central States, S.E. & S.W. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444-45 (7th Cir. 2000).

The court finds a stay in this instance would only serve to delay the proceedings in both forums.  A review of the docket sheet in this action reflects that the parties are engaging in written discovery, Colony has filed an amended counterclaim, and counsel for XTec have filed appearances.  The docket in the Florida Action shows only the

6

pending motion to reconsider Hembree's motion to transfer venue to the Southern District of Indiana. Given the procedural posture of both cases, that court finds that the best course of action is to overrule MUSIC's Objection and allow this case to proceed until such time as the Florida Court resolves Hembree's motion to reconsider. If the Florida Court denies the motion to reconsider and determines that Florida is the more convenient forum, MUSIC may then move to transfer this action to the Florida Court under 28 U.S.C. § 1404(a).

### III. Conclusion

At this stage of the litigation, the court finds the interests of justice are best served by maintaining this action in the Southern District of Indiana. Accordingly, the court **OVERRULES** MUSIC's Objection (Filing No. 44), **ADOPTS** the Amended Report and Recommendation (Filing No. 40), and **DENIES** MUSIC's Motions to Dismiss (Filing Nos. 13, 37).

**SO ORDERED** this 31st day of March 2016.

```
                    _____
                    RICHARD L. YOUNG, CHIEF JUDGE
                    United States District Court
                    Southern District of Indiana
```

Distributed Electronically to Registered Counsel of Record.